## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION


JEROME H. FRIEDMAN, JR.,

      Plaintiff,

v.                                     Case No. 2:23-cv-00075

JACOB MASSILE, Officer, Fayette County,
MR. FRANCIS, Warden, Southern Regional Jail,
LARRY HARRAH II, Attorney, and CHARLESTON
AREA HOSPITAL NURSE STAFF,

      Defendants.


### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court for screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) is Plaintiff's Complaint (ECF No. 1).

### I.     FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiff's instant complaint alleges that, on August 2, 2021, he was stopped by Defendant Jacob Massile ("Massile"), then a Fayette County Deputy Sheriff, for reckless driving and speeding.  (ECF No. 1 at 4).[1]  Plaintiff claims that he was panicking and afraid because he "having a family crisis," so he got out of his vehicle and fled about 20 feet before he put his hands on his head and knelt to surrender.  (*Id.*)  According to the complaint, although Plaintiff was unarmed, Massile allegedly stabbed him with a knife

---

[1] According to the complaint, Massile subsequently became a West Virginia State Trooper.

and beat and choked him from behind until he was almost unconscious. (*Id.*) Plaintiff further claims that he broke free from Massile's chokehold and "retreated in fear for [his] life." (*Id.*) Plaintiff further alleges that he got about 10 yards away when Massile fired 15 hollow point bullets from a 45-caliber gun, striking Plaintiff 4 times in the spine, intestines, bladder, and neck. (*Id.* at 5). After Plaintiff fell to the ground, Massile allegedly held the gun to his head and said he would "blow [Plaintiff's] brains out." (*Id.*) At that time, a police K-9 was also deployed, which allegedly bit Plaintiff. (*Id.*) He also claims that he was further beaten by Massile, who himself allegedly suffered no harm or injury. (*Id.*)

Plaintiff further contends that he was subsequently taken to the hospital but was removed by unidentified jail officers after three days and was transported to the Southern Regional Jail ("SRJ") "with no medical help or treatment." (*Id.*) Plaintiff claims that, during his incarceration at the SRJ, he was not allowed to make or receive phone calls or send or receive mail. He alleges that "SRJ officers" were "working together" to "keep this incident under cover." (*Id.*)

Plaintiff further contends that Massile changed his statement and lied during his criminal proceedings about how the shooting occurred to cover up his "attempted murder" of Plaintiff. (*Id.* at 5-6). Plaintiff also asserts that his "paid attorney," who is believed to be Larry Harrah II ("Harrah"), failed to properly defend him or present his medical records to demonstrate his injuries, and further appears to assert that a plea agreement was not honored. (*Id.*) Plaintiff speculates that Harrah had a "conflict of interest" because he is a former Fayette County Prosecuting Attorney and allegedly trained the prosecutor who handled Plaintiff's criminal case. (*Id.* at 6). Plaintiff further claims that his case was "hand picked to cover up the officer's crime." (*Id.*)

2

Plaintiff contends that he still has a bullet lodged in his spine and had to have portions of his intestines and bladder removed. He seeks monetary compensation. (*Id.* at 5).

## II.    STANDARDS OF REVIEW

Where a prisoner proceeds *in forma pauperis*, this court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. §§ 1915(e) and 1915A. The court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). That section also provides for dismissal where the complaint seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). A similar screening provision governs all prisoner complaints filed against government entities. 28 U.S.C. § 1915A.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to liberally construe such complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, this liberal construction requirement does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, *supra*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [the Court] to draw on its judicial experience and common sense." *Id*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant law]" will survive a motion to dismiss. *Id*. at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

"[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447,

452 (4th Cir. 2017) (internal quotation marks omitted).  Moreover, a complaint must state

more than "labels and conclusions" and a claim should be dismissed for failure to state a

claim upon which relief can be granted if, viewing the well-pleaded factual allegations in

the complaint as true and in the light most favorable to the plaintiff, it does not contain

"enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at

555, 570.  The undersigned has applied these standards in the Court's initial review of

Plaintiff's complaint to determine if any claims should be permitted to proceed.

### III.    DISCUSSION

Although Plaintiff's complaint appears to state a plausible Fourth Amendment

claim against Defendant Massile grounded in the use of excessive force during Plaintiff's

arrest, *see Graham v. Connor*, 490 U.S. 386, 394-95 (1989) ("All claims that law

enforcement officials have used excessive force  - deadly or not- in the course of an arrest,

investigatory stop, or other 'seizure' of a free citizen, are properly analyzed under the

Fourth Amendment's objective reasonableness standard, rather than under a substantive

due process standard."), which will be permitted to be further developed, the undersigned

proposes that the presiding District Judge **FIND** that the complaint fails to state any

plausible claim for relief against any of the other named defendants.  The undersigned

will briefly address each of the other defendants in turn.

### A.    Mr. Francis.

The complaint alleges no specific facts concerning any conduct by "Mr. Francis,"

who was purportedly the Warden of the SRJ at the time of these alleged incidents.

However, Francis cannot be held vicariously liable for the actions of his subordinates, *see*

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), and Plaintiff has

5

not alleged facts demonstrating individual conduct by Francis to sufficiently support a claim of supervisory liability against him.

While the Fourth Circuit has recognized that "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates," *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984), a plaintiff faces a "weighty" burden of proof on such a claim. *Iqbal*, 556 U.S. at 677; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). "Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights,' or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible." *Id.* (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). There are three elements necessary to establish supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799. Plaintiff has failed to allege sufficient facts with respect to Francis to establish these elements.

Moreover, to the extent that Plaintiff generally asserts that "SRJ officers" engaged in a cover up of Massile's conduct and Plaintiff's injuries therefrom (largely by not allowing him to communicate by phone or mail), Plaintiff's conclusory allegations against unidentified officers are insufficient to give rise to a plausible federal constitutional claim and certainly do not establish any personal action by Francis. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the complaint fails to

6

state a plausible claim for relief against Francis and he should be dismissed as a defendant herein.

### B.   Charleston Area Hospital Nurse Staff.

Likewise, Plaintiff summarily names "Charleston Area Hospital Nurse Staff" as defendants without stating any specific factual allegations or claims for relief against them.  42 U.S.C. § 1983 provides in pertinent part:

> Every person, who <u>under color of any statute, ordinance, regulation, custom, or usage, of any State</u> . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983 (emphasis added).  While not in itself a source of substantive rights, § 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To successfully establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a <u>person acting under color of state law</u>."  *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) (emphasis added).

While it is uncertain which "Charleston Area Hospital" Plaintiff was hospitalized in,[2] nursing staff of a private hospital are not "state actors" for the purpose of a § 1983 action such as this.  Nor has Plaintiff alleged any facts that would support any other type of claim for relief that is actionable in this federal court.  Thus, the undersigned proposes

---

[2] One of the medical records provided by Plaintiff appears to state that he was taken to Charleston Area Medical Center's General Hospital' Emergency Room.  (ECF No. 5 at 6).

that the presiding District Judge **FIND** that Plaintiff has not stated any plausible claim for relief against these unidentified "Charleston Area Hospital Nurse Staff" defendants and the claims against them should be dismissed.

### C.    Larry Harrah II.

Finally, to the extent that Plaintiff names his own criminal defense counsel, Larry Harrah II ("Harrah"), as a defendant herein, Harrah is also not a state actor as required by § 1983.  It is well-established that an attorney does not act "under color of state law" when retained or court-appointed to represent a criminal defendant.  *See Vermont v. Brillon*, 556 U.S. 81 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (" [A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Burns v. Haile*, No. 4:07-3736-JFA-TER, 2007 WL 4568981, at *1 (D.S.C. Dec. 20, 2007) ("An attorney whether retained, court-appointed, or a public defender, does not act under color of state law which is a jurisdictional prerequisite for any civil action brought under § 1983.").  Therefore, Harrah was not a person acting under color of state law.

Plaintiff's allegations against Harrah appear to address potential claims of ineffective assistance of counsel, which are appropriately raised in habeas corpus proceedings, which must first be exhausted through the state courts.[3]  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint

---

[3] It is unclear from the scant facts in Plaintiff's complaint whether his criminal proceedings are still pending in the state courts or whether he has pursued any post-conviction relief in the state courts.

fails to state a claim upon which relief can be granted against defendant Harrah and the claims against him should be dismissed.

## IV.    RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint under 28 U.S.C. § 1915A and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, with respect to any claims against Mr. Francis, Larry Harrah II, and Charleston Area Hospital Nurse Staff, but leave this matter referred to the undersigned for additional proceedings concerning the claims therein against Defendant Jacob Massile.[4]

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, Extension of this time period may only be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

---

[4] By separate Order, service of process has been directed to be attempted on Defendant Massile by the United States Marshals Service.

727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

November 20, 2024

Dwane L. Tinsley
United States Magistrate Judge